**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KENNETH MARCANO, | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 21-7381 (JMV) (MF) |
| v. | : | |
| | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

**VAZQUEZ, District Judge:**

Plaintiff, a federal pretrial detainee, is proceeding *pro se* with a civil rights Complaint. For the reasons follow, the Court dismisses with prejudice Plaintiff's claims against the United States.

**I.  BACKGROUND**

This case arises from Plaintiff's federal pretrial detention at the Essex County Correctional Facility, in Newark, New Jersey. Plaintiff names *only* the United States as a Defendant in this matter. (D.E. 1.) Plaintiff lists a myriad of civil rights claims but the thrust of the Complaint alleges that the Government violated his speedy trial rights through this Court's COVID-19 pandemic related standing orders. Plaintiff also complains of the various pandemic related restrictions at the jail such as limited visitation, religious services, legal research time, and medical care, as well as slow mail, lockdowns, and a lack of access to attorneys. (D.E. 1, at 5–6, 15.)

In March of 2021, Plaintiff filed the instant Complaint. In terms of relief, Plaintiff seeks monetary damages and four days of jail credit for every day in detention "during the period of March 15, 2020 to present." (*Id*. at 9.)

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity," and in actions where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), raising a number of federal civil rights claims, as well as various state law claims (D.E. 1.)

Plaintiff, however, has only sued the United States. To be liable under *Bivens*, a defendant must be a "person." The Third Circuit has held in *Jaffee v. United States*, 592 F.2d 712, 717–18 (3d Cir. 1979), that sovereign immunity bars *Bivens* claims against the United States unless the United States explicitly waives its immunity, and accordingly, it is not a "person" amenable to suit under *Bivens*. *See, e.g.*, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008). Stated differently, "the United States is not subject to suit for constitutional torts, including the civil rights claims Plaintiff seeks to raise, and is entitled to absolute sovereign immunity in this matter." *See, e.g.*, *Edward Pittman, v. United States*, No. 21-10123, 2021 WL 2260518, at *2 (D.N.J. June 2, 2021) (footnote omitted).

Similarly, as to Plaintiff's state law claims, he cannot sue the federal government on these claims absent an explicit waiver of sovereign immunity. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Kabakjian v. United States*, 267 F.3d 208, 211 (3d Cir. 2001). "Sovereign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States." *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Consequently, this Court lacks subject matter jurisdiction over Plaintiff's claims because the Government has not explicitly waived sovereign immunity as to those claims.

Additionally, although the dismissal of the only Defendant in this case is sufficient to resolve this case, the Court will briefly address Plaintiff's request for extra jail credits. In his Complaint, Plaintiff seeks four extra jail credits for every day spent in detention during the pandemic. (D.E. 1, at 9.) Detainees may not, however, use a civil rights complaint to "challenge the fact or length of [their] detention." *Pittman*, 2021 WL 2260518, at *2. Rather, detainees must raise any claim "which would impugn or otherwise overturn the fact or length of . . . detention . .

. via a criminal motion or a habeas petition." *Id*. (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Edwards v. Balisok*, 520 U.S. 641, 643–48 (1997)). As a result, the Court would dismiss Plaintiff's request for additional jail credits for that reason as well.

Accordingly, the Court will dismiss Plaintiff's claims against the United States with prejudice. If Plaintiff believes he can state a claim against a proper defendant, *i.e.*, one who is not immune from suit, he may file a new complaint under a new docket number.

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims against the United States. An appropriate Order follows.

Dated:

                                                                        JOHN MICHAEL VAZQUEZ
                                                                        United States District Judge